UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY G. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09 C 883 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| RONALD LIS, ELIZABETH WILSON, ) | |
| RICHARD NOVOTNY, BRADLEY RUZAK, ) | Magistrate Judge Arlander Keys |
| and CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

<u>PLAINTIFF'S MOTIONS *IN LIMINE*</u>

Plaintiff, Larry G. Nelson, by and through his attorney, Irene K. Dymkar, hereby moves the Court *in limine* to bar certain evidence, testimony, and arguments in this case and asks the Court to direct the attorneys for defendants to advise all their witnesses of the Court's order. Plaintiff argues as follows:

**PLAINTIFF'S MOTION *IN LIMINE* # 1 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT THAT DEFENDANTS HAD PROBABLE CAUSE TO STOP PLAINTIFF'S VEHICLE**

Upon plaintiff's motion to deem statements made in plaintiff's requests to admit as admitted, the Court ruled that the following statement was deemed admitted by defendants (Document 64): "Named Defendant officers admit that they have no present recollection of probable cause or reasonable suspicion sufficient for an arrest or stop [of Larry Nelson on February 4, 2008]." The Court further ruled that the following statement was deemed admitted by defendants: "No information obtained by Chicago police officers as result of the inquires of Larry Nelson's name on computer databases on February 11, 2008, gave the officers any probable cause to arrest him." (Document 64 ruling on Second Set of Requests to Admit # 6).

In their depositions, defendants claimed no recollection whatsoever of any details of any encounter with Larry Nelson. Defendants should therefore be barred from inventing speculative reasons at trial as to why they might have stopped plaintiff's vehicle, or to label the stop as "a traffic stop," when they have no recollection of any traffic laws that Larry Nelson violated.

**PLAINTIFF'S MOTION *IN LIMINE* # 2 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT THAT DEFENDANTS' MOBILE POLICE COMPUTERS WERE NOT USED TO PERFORM A QUERY OF PLAINTIFF'S NAME**

Plaintiffs have admitted in their responses to plaintiff's requests to admit that a mobile police computer assigned to defendant Ronald Lis performed a query of plaintiff's name at 9:44 PM on February 11, 2008. Plaintiffs have further admitted in their responses to plaintiff's request to admit that a mobile police computer assigned to defendant Elizabeth Wilson performed a query of plaintiff's name at 9:50 PM on February 11, 2008. Exhibit A (Defendants' Response to Plaintiff's Third Set of Requests to Admit #1 and 2).

Defendants should therefore be barred from testifying or implying in their testimony that their computers were not used to query plaintiff's name.

**PLAINTIFF'S MOTION *IN LIMINE* # 3 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT THAT DEFENDANT RONALD LIS AND ELIZABETH WILSON WERE NOT LOGGED ON TO THEIR RESPECTIVE MOBILE POLICE COMPUTERS WHEN QUERIES OF PLAINTIFF'S NAME WERE PERFORMED**

Defendant Ronald Lis' computer identification number is PC 0Q920, which, according to police records, he used together with his password to log on to the mobile police computer in his police car (PMDT #1211). Defendant Elizabeth Wilson's computer identification number is PC 0R853, which, according to police records, she used to log on to the mobile police computer in her police car (PMDT # 3492). They testified to this in deposition and the police records confirm this. Defendants Lis and Wilson should be

barred from denying that they were logged on to their respective mobile police computers when queries of plaintiff's name were performed.

### PLAINTIFF'S MOTION *IN LIMINE* # 4 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT CONTRARY TO LAW THAT ONLY REASONABLE SUSPICION, NOT PROBABLE CAUSE, WAS NEEDED TO STOP PLAINTIFF'S VEHICLE

The law is settled that, in Fourth Amendment terms, a traffic stop entails a seizure of the driver even if the purpose of the stop is limited and the resulting detention is brief. *Brendlin v. California,* 551 U.S. 249, 127 S.Ct. 2400, 2406 (2007) (internal citations omitted). The Supreme Court has held that the decision to stop an automobile is reasonable only when the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996), *United States v. Muriel,* 418 F.3d 720, 724 (7th Cir.2005).

Defendants here have no recollection of an encounter with Larry Nelson. They cannot testify to facts constituting either reasonable suspicion or probable cause. Therefore, they should not be allowed to speculate as to how the stop of Larry Nelson's vehicle occurred. In addition, however, they should not be allowed to testify, imply, or argue that the standard for a vehicular stop is reasonable suspicion instead of probable cause.

### PLAINTIFF'S MOTION *IN LIMINE* #5 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT THAT PLAINTIFF WAS NOT ARRESTED

Defense counsel representing the City of Chicago are prone to arguing in a situation such as the case at hand that because plaintiff was not *charged* with a crime, he was not *arrested*. However, an arrest occurs when "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *Sornberger v. City of Knoxville,*

*Ill*. 434 F.3d 1006, 1017 (7th Cir.2006), citing *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir.1999) (internal quotation marks omitted).

Plaintiff asks the Court to bar defendants from testifying or arguing that, because Larry Nelson was not taken to a station or charged with a crime, he was not arrested.

### PLAINTIFF'S MOTION *IN LIMINE* # 6 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT CONTRARY TO LAW THAT DEFENDANTS HAD PROBABLE CAUSE TO SEARCH PLAINTIFF'S VEHICLE

Plaintiff contends that his van was searched by defendants on February 11, 2008, without probable cause, without a warrant, and without consent. Defendants however claim not to remember anything about any encounter with plaintiff on February 11, 2008.

Defendants may testify or imply that any search of plaintiff's vehicle was done "incident to an arrest." However, the search incident to an arrest exception to the warrant requirement was foreclosed by the holding of the United States Supreme Court in *Arizona v. Gant,* 129 S.Ct. 1710 (2009). There the Supreme Court limited the exception and held that officers may not conduct "a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle," unless they have reason to believe that the vehicle may contain evidence of the crime for which the arrest occurred. *Gant,* 129 S.Ct. at 1714.

Defendants in this case cannot articulate the reason why they stopped plaintiff's vehicle or detained plaintiff. Consequently, they should also not be allowed to articulate a reason to believe that plaintiff's vehicle contained evidence of the crime for which the arrest occurred.

Defendants should be barred from testifying, implying, or arguing that they had justification for searching plaintiff's vehicle, since that would be contrary to law, and to the facts in this case.

### PLAINTIFF'S MOTION *IN LIMINE* # 7 TO BAR ANY REFERENCE TO N. PULASKI AND W. IOWA IN CHICAGO, ILLINOIS, AS A HIGH CRIME OR DRUG AREA

Defendant police officers are prone to describe the neighborhood where plaintiff was arrested as a high crime or drug area. However, there is no foundation for this statement and it is prejudicial to plaintiff. Referring to this area as a high crime or drug area implies that the probable cause the police must have to stop a vehicle, arrest someone, or search vehicle is lessened. It tends to give validity to police misconduct because of the need to fight crime. There is no probative value to such a declaration and it is prejudicial to plaintiff.

### PLAINTIFF'S MOTION *IN LIMINE* # 8 TO BAR ANY EVIDENCE, TESTIMONY, OR ARGUMENT THAT IMPLIES THAT PLAINTIFF USES OR HAS EVER USED AN ILLEGAL CONTROLLED SUBSTANCE, WAS IN THE NEIGHBORHOOD TO BUY OR SELL DRUGS, OR ABUSES ALCOHOL

Plaintiff moves, pursuant to FRE 402, 403, 404(a), 404(b) and 608, for an order barring questions, argument, and innuendo regarding the use of illegal drugs or alcohol. Plaintiff adamantly denies use or abuse of illegal drugs or alcohol, but just the asking of the question can plant a prejudicial seed in jurors' minds. There is no evidence that there was any use or abuse of illegal drugs or alcohol that pertained to the incidents underlying this action.

Defense counsel may try to imply that plaintiff was in the area to buy or sell illegal drugs. There is no evidence to this effect and plaintiff denies that he was doing anything other than buying gas and pulling out of a gas station when the police abuse began. Defendants should be barred from implying that plaintiff was involved in any illegal activity, including speculating as to any imaginary drug transactions.

**PLAINTIFF'S MOTION *IN LIMINE* # 9 TO BAR ANY QUESTIONS OR REFERENCE TO GANG AFFILIATION OR TATTOOS**

Plaintiff moves, pursuant to FRE 402, 403, 404(a), 404(b) and 608, for an order barring questions, argument, and innuendo regarding gang affiliation and tattoos. Plaintiff adamantly denies gang affiliation, but just the asking of the question can plant a prejudicial seed in jurors' minds. There is no evidence that there was any gang activity related to the incidents underlying this action. Thus, any reference to gangs would be prejudicial to plaintiff.

**PLAINTIFF'S MOTION *IN LIMINE* # 10 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT OF PLAINTIFF'S CRIMINAL BACKGROUND AND INTRODUCTION OF PLAINTIFF'S RAPSHEET INTO EVIDENCE**

Federal Rules of Evidence (FRE) 403, 404, 609(a)(1) and 609(b) all restrict the admissibility of prior bad acts and conviction evidence. Plaintiff has no felony or misdemeanor convictions. Defendants should thus be barred from evidence, testimony, or argument regarding any criminal arrests, investigations or prosecutions. Defendants moreover seek to offer plaintiff's rapsheet as evidence at trial. This would be unduly prejudicial to plaintiff.

**Prior Arrests That Did Not Result In Convictions Are Inadmissible**

Plaintiff has prior arrests. Any arrest that did not result in a conviction, prior and subsequent to the date of the incident, is not admissible under FRE 609, which provides only for the admission of criminal convictions into evidence under certain circumstances.

Arrests that do not lead to convictions are generally inadmissible under well settled law. See *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) (law is clear that a party's prior arrest record is inadmissible; even indirect reference to a party's past arrest is improper); *Brandon v. Village of Maywood*, 179 F. Supp 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record — such as

"bias" or damages — because prejudice outweighs probative value, especially where officers did not know about the past arrest at the time of the incident). Evidence of Larry Nelson's prior arrests is nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. See *Gregory v. Oliver*, No. 00-5984, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)"); *Blessing v. Kulak*, No. 86-10227, 1988 WL 67637, at *1 (N.D. 111. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that [he] had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); see also *Earl v. Denny's, Inc.*, No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts [plaintiff's] veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Such evidence is not probative of any issue in this case, would waste the jury's time, and is likely to confuse and/or mislead the jury, as well as being unnecessarily embarrassing to plaintiff. Mr. Nelson was forthcoming about his arrest history during his deposition and throughout discovery. Defendants do not have any avenue for impeachment. For these reasons, any reference to Mr. Nelson's arrest record should be barred pursuant to FRE 402, 403 and 404.

### PLAINTIFF'S MOTION *IN LIMINE* # 11 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING PLAINTIFF'S OTHER CIVIL LAWSUITS

Defendants propose offering evidence that plaintiff was involved in six other civil lawsuits. They have listed complaints and a civil case file on their exhibit list. These cases are irrelevant to the present case and proof thereof at trial would only serve to confuse the jury. Any attempt by defendants to portray Mr. Nelson as litigious is not supported by the

nature and result of these unrelated cases. The cases in which Mr. Nelson was a plaintiff were substantive, non-frivolous cases which resulted in settlements to Mr. Nelson.

*Nelson v. Balesteri,* 06 C 6316, was a § 1983 civil rights case based on a false arrest, illegal search of Mr. Nelson's home, and malicious prosecution. Rather than proceed with this case to trial, the City of Chicago settled the case for $34,000. The facts of this case were the subject of both an Office of Professional Standards investigation and a Grand Jury investigation initiated by the State's Attorney's Office against the offending officers. Evidence of this case is not relevant or probative to the case at hand.

*Nelson v. Unknown Officers*, 09 C 5357, is a pending § 1983 civil rights case based on an illegal stop and detention and excessive force. Mr. Nelson was physically injured as a result of the police misconduct. Evidence of this case is not relevant or probative to the case at hand.

Defendants have listed as exhibits complaints and a case file for four apparent car accident cases. However, defendants have failed to date to disclose any of the documents they propose to offer at trial. Plaintiff stated in his answers to interrogatories that he recalls that he was the victim of a hit-and-run accident in approximately 2005 and that the claim settled for approximately $5,500.00. Plaintiff also recalls that in approximately 1998 or 1999, he was hit by a police car, and that, after a finding of negligence at arbitration, the claim settled for $6,000.00. Evidence of these small personal injuries lawsuits is not relevant or probative to the case at hand.

Larry Nelson has the right to sue for non-frivolous claims in order to obtain compensation for harms done by other people. There is no support for any argument on defendants' part that Mr. Nelson is litigious.

### PLAINTIFF'S MOTION *IN LIMINE* # 12 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING PLAINTIFF'S PERSONAL FINANCES

As a corollary to the last motion *in limine,* plaintiff moves the Court pursuant to FRE 402 and 403, to bar testimony, argument, and reference to the introduction of evidence regarding his personal finances. Because of defendants' interest in offering evidence regarding other civil cases, plaintiff suspects that defense counsel will try to ask questions about plaintiff's finances, wrongly implying that plaintiff brought this lawsuit to supplement his income. However, since plaintiff is not alleging any claim of lost wages, evidence of plaintiff's finances is irrelevant and the sole purpose of eliciting such evidence would be to pry into personal matters and embarrass him in front of a jury.

Any line of questioning regarding plaintiff's finances thus would be improper, irrelevant, unnecessarily prejudicial and lack any probative value, plus have no bearing on the facts of this case or relation to any claims made in the complaint. Plaintiff's economic status is not an issue in this case. Any evidence, testimony, or argument regarding plaintiff's finances should be barred pursuant to FRE 402 and 403.

### PLAINTIFF'S MOTION *IN LIMINE* # 13 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT THAT THE CITY OF CHICAGO IS NOT LIABLE FOR THE ACTIONS OF THEIR EMPLOYEES WHO ARE NOT NAMED DEFENDANTS

Defendant City of Chicago has been sued for battery and spoliation of evidence based on the theory of *respondeat superior.* The City of Chicago is liable for the malfeasance of their employees for acts performed in the furtherance of their employment. In his response to defendants' motion to dismiss (Document 47), plaintiff agreed to a dismissal of the battery claim against the four individual defendants only (but not the City of Chicago), *because by the time they were identified through police computer records*, the claim against the individual officers was time-barred. In that same response, plaintiff also agreed to a dismissal of the spoliation of evidence claim against the four individual officers only (but not the City of Chicago).

When an employer is sued under a theory of *respondeat superior*, "the servant is not a necessary party in an action against the master." *McContrell v. City of Chicago,* 481 N.E.2d 1058, 1059 (Ill.App.Ct.1985) (citations omitted). "Therefore it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action. *Id.* at 1060.

Defendants should not be allowed to argue that the City of Chicago is not liable for the actions of the individual defendants because the battery claim against them has been dismissed. An explanation to the jury of the statute of limitations would be confusing and it is not necessary for jurors to understand why the claim against the individual officers is being dismissed. Defendants should be barred from any reference to the fact that the battery claim against the individual officers is being dismissed.

In addition, the blame for the spoliation of evidence seems to lie on individuals who have not been named as defendants in this case. Defendants should not be allowed to give testimony, imply, or argue that because the named individual defendants are not liable, the City of Chicago is also not liable.

**PLAINTIFF'S MOTION *IN LIMINE* # 14 TO BAR EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING DEFENDANT'S ABILITY OR INABILITY TO PAY PUNITIVE DAMAGES**

**Defendants Failed to Assert Defense or Disclose Their Finances, So the Defense Is Waived**

Plaintiff moves, pursuant to FRE 401, 402, 403 and 404, to bar, prohibit, and/or restrict defendants, their counsel, or any other witness in this cause from commenting, testifying, introducing evidence of, and/or referring by innuendo to defendant's inability to pay punitive damages.

In defendants' answer to plaintiff's complaint, defendants failed to assert the affirmative defense of defendants' inability to pay punitive damages; therefore, defendants

should not be able to raise such a defense now, after discovery has closed. While plaintiff's counsel did attempt to secure information about the defendants' financial status during oral discovery, plaintiff received incomplete answers, if at all, to these queries. Defense counsel stated that she would "supplement" the officers' testimony with financial statements, which she never provided. Defendants never supplemented their discovery to include documentation of defendants' inability to pay punitive damages.

Defendants have waived any right to offer evidence of their financial circumstances and to claim financial hardship at trial.

**If Defendants Are Not Barred from Asserting Their Financial Condition as a Defense to a Claim for *Punitive* Damages, Then Plaintiff Should Be Allowed to Argue That the City of Chicago Will Indemnify the Individual Defendants Against an Award of *Compensatory* Damages**

Plaintiff has requested that defendants be barred from asserting their financial condition as a defense to a claim for punitive damages. If this motion is denied, then plaintiff should be able to argue that the City of Chicago will indemnify defendants for any compensatory damages awarded. See *Hadnott v. City of Chicago,* 07C 6754 (Judge Coar order at Document 241). It would be prejudicial to plaintiff if defendant officers were allowed to testify as to their financial hardship without informing the jury that compensatory damages are *not* paid by the officers.

**PLAINTIFF'S MOTION *IN LIMINE* # 15 TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM**

Plaintiff moves, pursuant to FRE 615, to bar, prohibit and restrict non-party witnesses from the courtroom during the testimony of other witnesses.

**PLAINTIFF'S MOTION *IN LIMINE* # 16 TO PERMIT THE PLAINTIFF TO TREAT THE DEFENDANTS AND ALL OTHER OFFICERS OR CITY EMPLOYEES AS ADVERSE WITNESSES**

Plaintiff moves, pursuant to FRE 611 (c), for an order allowing him to treat the defendants and all other officers or City employees as adverse witnesses.

WHEREFORE, for the reasons set forth above, plaintiff, Larry G. Nelson, respectfully requests that the Court grant the above motions *in limine.*

Dated: August 20, 2010 /s/ Irene K. Dymkar
　　　　　　　　　　　　　　　　　　　　　　　Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

**CERTIFICATE OF SERVICE**

I, Irene K. Dymkar, an attorney, certify that on the 20th day of August, 2010, a copy of this motion was served upon the attorneys for defendants named below through the Court's electronic filing system.

　　　　　　　　　Andrew M. Hale
　　　　　　　　　Avi T. Kamionski
　　　　　　　　　Cherie Getchell
　　　　　　　　　Andrew M. Hale & Associates, LLC
　　　　　　　　　53 W. Jackson, Suite 1800
　　　　　　　　　Chicago, IL 60604

Dated: August 20, 2010 /s/ Irene K. Dymkar
　　　　　　　　　　　　　　　　　　　　　　　Irene K. Dymkar